TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-99-00526-CR

Jones Daniels, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT

NO. 0993034, HONORABLE BOB PERKINS, JUDGE PRESIDING

A jury found appellant Jones Daniels guilty of delivering less than one gram of
cocaine. See Tex. Health & Safety Code Ann. § 481.112 (West Supp. 2000). The district court
assessed punishment, enhanced by previous convictions, at imprisonment for nine years.

Appellant's court-appointed attorney filed a brief concluding that the appeal is
frivolous and without merit. The brief meets the requirements of Anders v. California, 386 U.S.
738 (1967), by presenting a professional evaluation of the record demonstrating why there are no
arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988); High v. State,
573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App.
1974); Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Gainous v. State, 436 S.W.2d
137 (Tex. Crim. App. 1969). A copy of counsel's brief was delivered to appellant, and appellant
was advised of his right to examine the appellate record and to file a pro se brief. A pro se brief
was filed.

Appellant first urges that the State failed to establish a proper chain of custody of
the cocaine. The record reflects, however, that the cocaine was placed in a sealed bag by the
arresting officer and that a record was kept of each person who thereafter had possession of the
bag. The procedure followed was that approved in Stoker v. State, 788 S.W.2d 1, 10 (Tex. Crim.
App. 1989). Point of error one is overruled.

Next, appellant contends his trial counsel was ineffective during jury selection
because he did not object to the court granting the State's three challenges for cause and did not
thereafter request additional peremptory strikes. Appellant does not offer any argument in support
of this contention, and in particular does not explain why the State's challenges should not have
been granted. The record reflects that two of the three challenged panelists could not consider
the full range of punishment and the third had a pending theft accusation. See Tex. Code Crim.
Proc. Ann. arts. 35.16(a)(3), (b)(3) (West 1989 & Supp. 2000); 35.19 (West 1989). Point of
error two is overruled.

Finally, appellant complains of ineffective assistance of counsel on appeal. Once
again, he offers no argument in support of this contention. Point of error three is overruled.

The judgment of conviction is affirmed.

 

 Lee Yeakel, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: August 10, 2000

Do Not Publish